United States District Court
Southern District of Texas
**ENTERED**
September 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLOBAL ADVANTECH RESOURCES LIMITED, § § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-03968 |
| § § | |
| DALE HAYES, *et al.*, § § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Before the Court are the defendants' separate motions to dismiss the plaintiff's case and the plaintiff's, Global Advantech Resources Limited ("GARL"), responses. The defendants and their motions are as follows:

(a) Richard Brown, Snake River Oil & Gas, LLC, and Weiser Brown Oil Company (Brown, SROG and Weiser"). Their motion is docketed at Docket Entry No. 41. The plaintiff, GARL's, response is docketed as Docket Entry No. 49;

(b) The defendant's, Dale Hayes ("Hayes"), motion to dismiss is docketed at Docket Entry No. 50. GARL's response is docketed at Docket Entry No. 54;

(c) The defendant's, Harlan Chappelle ("Chappelle") motion to dismiss is docketed at Docket Entry No. 46. GARL's response to Chappelle's motion to dismiss is docketed at Docket Entry No. 54. GARL's response to Chappelle's motion is Docket Entry No. 54, entitled "Renewed Joint Response", and is intended to be a joint response to both Hayes' and Chappelle's motions to

dismiss. Replies to GARL's responses are docketed, respectively, at Document Entries 56, 57, and 60.

The Court has reviewed the defendant's several motions to dismiss, including a claim based on lack of personal jurisdiction, and determines that the motions should be **DENIED** because the very nature of GARL's pleadings and the responses of the defendants create disputed fact issues that preclude dismissal at this stage of the proceedings. Moreover, the relationship between the individual and the entities over which the Court has jurisdiction is unclear. Discovery is necessary for the Court to properly address the jurisdiction issue.[1]

## II.   FACTUAL BACKGROUND & CONTENTIONS

GARL's cause of action arises out of an "alleged" disclosure of proprietary and confidential information that was provided to Alta Mesa Holding, LP ("Alta Mesa") that Alta Mesa obtained after executing a Confidentiality and Non-Circumvention Agreement (NDA) with GARL. GARL alleges that it provided Alta Mesa a water treatment system designed to treat wastewater produced as a by-product during oil and gas production projects. GARL claims that the treatment system or process would reduce the costs for disposal of the water generated during production. To that end, GARL required Alta Mesa to execute an NDA before providing a proposal(s) for the wastewater treatment applications due to its claim that the information provided in its proposal(s) contained confidential, proprietary, technical, and commercial information.

---

[1] Without the benefit of clarity on the part of the parties, it appears that James Hackett is or was the Chief Operating Officer of Kingfisher Midstream LLC in that was argued in part by Riverstone Holdings LLC where Richard Brown and owners at some level through Riverstone Holdings, LLC that acquired interest in Silver Run Acquisition Corp., Alta Vista, Kingfisher, a subsidiary of SRII Opec LP, Alta Mesa Resources, Inc., and are members of undefined entities. Chappelle served as CEO and directors of High Mesa Holdings, LP that appears to own an interest in Alta Mesa.

The facts show that Hayes, an engineer and vice-president of Alta Mesa, executed the NDA in behalf of Alta Mesa in his capacity as Vice-President on or about February 10, 2017. Afterward, two proposals for water treatment were provided by GARL by February 1, 2018. However, it appears that Alta Mesa never accepted either of GARL's proposals.

Later, GARL learned through an article published through the Associated Press that several months earlier, on or about November 28, 2017, Alta Mesa and the Idaho state officials were in discussion concerning the use of water treatment systems as a cost-saving feature for oil and gas production. As a result, GARL reconnected with Alta Mesa only to learn that it did not intend to use GARL's technology.  However, 10 months later, Hayes divulged that Alta Mesa's had submitted GARL's proposal in its application and retrospectively waived Alta Mesa's unauthorized disclosure restriction back in June 2017.  While Hayes did not state the scope or specifics of the disclosure, correspondence revealed that several entities variously labeled as Alta Mesa Services, LP, Alta Mesa Holding, LP, and Alta Mesa Resources were involved.

GARL asserts that no prior permission to disclose its confidential information was sought or given.  On June 26, 2019, GARL, through its attorneys, provided written notice to Alta Mesa demanding compensation and damages.  In July, no further correspondence followed even though the defendants, Richard Brown, SROG, and Weiser Brown Oil Company continued to use GARL's confidential materials.

### III.     GARL'S ASSERTED CLAIMS

In a "throw-the-book" vilification of the defendants' handling of GARL's confidential information, GARL asserts causes of action for fraudulent inducement; common law fraud; constructive fraud; civil conspiracy; violations of the (1) Deceptive Trade Practices Act; (2) the Texas Business & Commerce Code; (3) the Texas Uniform Trade Secrets Act; and (4) Violations

of the Texas Securities Act; GARL also asserted a claim under the Declaratory Judgment Act and for actual and punitive damages.

The defendant, Dale Hayes, asserts that the economic loss rule bars GARL's claim because the claim arises out of an alleged breach of contract. Additionally, he contends that there is no conspiracy, no constructive fraud on his part, no basis for a declaratory judgment or for punitive damages. He further asserts that Texas does not recognize a suit for the "piercing of the corporate veil." Finally, he asserts that GARL has failed to join necessary parties.

As to Richard Brown, SROG, and Weiser, Brown Oil Company, Brown contends that GARL's claims are barred on limitations. Also, GARL lacks standing to pursue an alter ego claim because there is no fraud asserted. Regarding necessary and indispensable parties (AMS and AMH) they are subject to an automatic stay under 11 U.S.C § 362 of the Bankruptcy Code. Moreover, the Weiser enterprise contract is outside the authority of the Court and there is no basis for personal jurisdiction over Richard Brown.

Lastly, Harlan Chappelle asserts that GARL lacks standing to pursue a suit by piercing the corporate veil(s) because the Bankruptcy Estate(s) own GARL's alter ego claim and leave to file this suit has not been given by the Bankruptcy Court. Chappelle also asserts that necessary parties have not been joined and there is no factual basis for a claim of fraud against him personally.

## IV.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." Oppenheimer v. Prudential Sec., Inc., 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not]


enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).

## V. ANALYSIS & DISCUSSION

The Court recognizes that any number of GARL's claims may be dismissed at an appropriate time based on the lack of evidence of lack of jurisdiction. However, GARL's claims cannot be dismissed based on the strictures of Federal Rules of Civil Procedure, Rule 12(b)(6) as the requirements of Rule 8 have been met. Rule 12(b)(6) authorizes a defendant to move for dismissal of a claim or lawsuit when the factual allegations are insufficient to raise a right to relief above a speculative level on the assumption that all the plaintiff's allegations are true. *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 444 (2007).

Here, the entity tracks of the defendants betray their motions. As related entities they are sufficiently tied together to make it impossible for the Court to trace the interest of the individuals and the entities to any degree of certainty. As such, the Court presumes that the labyrinthian nature of the relationship between the individuals and entities is of such a nature that it is simply impossible to untangle the network of interests. It is not the province of the Court to unravel the relationships between and among the individuals and entities. Instead, discovery is necessary to unravel and kinks. In this respect, the Court's review of the motions is limited to the plaintiff's

allegations in the complaint and to any documents proffered and; there, finds disputed facts. Hence, the motions to dismiss and challenge to personal jurisdiction are **DENIED**.

It is so **ORDERED**.

SIGNED on September 26, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge